IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE FETTER, )
                          ) 2:12-cv-02235-GEB-EFB
         Plaintiff, )
                          )
     v. ) ORDER TO SHOW CAUSE AND
                          ) CONTINUING STATUS (PRETRIAL
PLACER COUNTY SHERIFF, EDWARD N. ) SCHEDULING) CONFERENCE; FED.
BONNER, individually and in his ) R. CIV. P. 4(M) NOTICE
Official Capacity; COUNTY OF )
PLACER; CALIFORNIA FORENSICS )
MEDICAL GROUP (CFMG); PLACER )
COUNTY SHERIFF DEPARTMENT; )
and Does 1 through 20, )
                          )
         Defendants. )
_____ )

        The August 28, 2012, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on December 10, 2012, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The August 28th Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

        Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than December 10, 2012, why sanctions should not be imposed against him and/or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or his

counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on February 25, 2013, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

Further, Plaintiff is notified under Rule 4(m) of the Federal Rules of Civil Procedure that failure to serve Defendants Placer County Sheriff, Edward N. Bonner, County of Placer, California Forensics Medical Group (CFMG) and Placer County Sheriff Department with process within the 120 day period prescribed in that Rule may result in the unserved defendants and/or this action being dismissed. To avoid dismissal, on or before December 28, 2012, Plaintiff shall file proof of service for these defendants or a sufficient explanation why service was not effected within Rule 4(m)'s prescribed service period.

IT IS SO ORDERED.

Dated: December 4, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).