IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE FETTER,<br><br>              Plaintiff,<br><br>    v.<br><br>PLACER COUNTY SHERIFF; EDWARD N. BONNER, individually and in his official capacity; COUNTY OF PLACER; CALIFORNIA FORENSICS MEDICAL GROUP (CFMG); PLACER COUNTY SHERIFF DEPARTMENT; and DOES 1 THROUGH 20,<br><br>              Defendants. | 2:12-cv-02235-GEB-EFB<br><br>ORDER TO SHOW CAUSE AND CONTINUING HEARING ON DEFENDANTS EDWARD N. BONNER, COUNTY OF PLACER, AND PLACER COUNTY SHERIFF DEPARTMENT'S MOTION TO DISMISS |

         On May 31, 2013, Defendants Edward N. Bonner, County of Placer, and Placer County Sheriff Department filed a motion to dismiss Plaintiff's First Amended Complaint. (ECF No. 28.) The motion is noticed for hearing on July 29, 2013. Plaintiff has failed to file an opposition or statement of non-opposition to Defendants' motion in compliance with Local Rule 230(c). The motion is rescheduled for hearing on August 26, 2013, commencing at 9:00 a.m. in light of Plaintiff's failure to file an opposition or statement of non-opposition to the motion as required by Local Rule 230(c), so that Plaintiff could file a response to the motion.

         Further, Plaintiff and his counsel are hereby ordered to show cause ("OSC") in a filed response to this OSC on or before August 12, 2013, in which they explain why sanctions should not be issued under Local Rule 110 because of Plaintiff's failure to file an opposition or

statement of non-opposition to the motion. Plaintiff is warned that a sanction could include a monetary sanction and/or dismissal of this case or claims with prejudice. The written response to this OSC also shall state whether Plaintiff or his counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on August 26, 2013, commencing at 9:00 a.m.

Dated: July 23, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Baker, 744 F.2d 1438, 1442 (10th Cir. 1984). Sometimes the "faults . . . of the attorney may be imputed to, and their consequences visited upon, [the attorney's] client." In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).