UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE FETTER,<br><br>          Plaintiff,<br><br>     v.<br><br>PLACER COUNTY SHERIFF, EDWARD N. BONNER, individually and in his official capacity, COUNTY OF PLACER, CALIFORNIA FORENSICS MEDICAL GROUP (CFMG), PLACER COUNTY SHERIFF DEPARTMENT, and DOES 1 THROUGH 20,<br><br>          Defendants. | No. 2:12-cv-02235-GEB-EFB<br><br>ORDER GRANTING MOTION TO DISMISS |

Defendants Placer County Sheriff Edward N. Bonner, County of Placer ("Placer County"), and Placer County Sheriff Department ("PCSD") (collectively, "Defendants") move under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of certain of Plaintiff's claims alleged in the First Amended Complaint ("FAC"). Defendants' motion challenges claims alleged under 42 U.S.C. §§ 1983, 1985(3), Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act

1

("RA"), and California law. Plaintiff did not file an opposition or a statement of non-opposition to the motion as required by Local Rule 230. E.D. Cal. R. 230(c).[1]

## I. FACTUAL ALLEGATIONS

The motion concerns the following factual allegations in the FAC. "[P]laintiff . . . was cited for Driving while Under the Influence and was jailed for that offense." (FAC ¶ 12.) Prior to being jailed, "Plaintiff had fallen off a roof and injured both of his legs and ankles" and "was under the care of a doctor for the injuries that he had received." (Id. ¶¶ 11-12.) "During [P]laintiff's . . . period of incarceration he was not allowed to see a doctor or be transported to a hospital although . . . Defendants knew about . . . Plaintiff's injuries and . . . Plaintiff made numerous requests that he be allowed to see a doctor." (Id. ¶ 14.) "While incarcerated Plaintiff['s] leg began to turn black as he was suffering from compartment syndrome." (Id. ¶ 15.) "Plaintiff informed . . . Defendant[s] about his leg but they still refused to allow him to see a doctor or transport him to the hospital." (Id. ¶ 16.)

"Plaintiff was ultimately released from his incarceration in mid 2011[.] [He] immediately went to see a doctor and was informed that the condition of his leg was so severe . . . that it would have to be amputated." (Id. ¶ 17.) After seeking a second opinion confirming that diagnosis, "Plaintiff's right leg was . . . amputated." (Id. ¶¶ 18-19.)

---

[1] Defendants seek in the alternative a more definite statement of certain claims; however, the ruling on Defendants' dismissal motion renders moot this alternative motion and therefore the alternative motion is denied.

2

## II.  LEGAL STANDARD

Decision on a Rule 12(b)(6) dismissal motion requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 (9th Cir.2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim under Rule 12(b)(6), "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir.2011) (internal quotation marks omitted). However, this tenet does not apply to "legal conclusions . . . cast in the form of factual allegations." Id. (internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (internal quotation marks omitted); see also Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ")

///
///
///

3

### III. DISCUSSION

**a. Monell Claim**

Defendants seek dismissal of Plaintiff's Monell claim, arguing "[t]here is no factual basis alleged in the complaint" from which a reasonable inference can be drawn that Placer County or the PCSD[2] instituted the alleged policies. (Defs.' Mot. to Dismiss and Mot. For a More Definite Statement ("Defs.' Mot") 12:11-12, ECF No. 28-1.) Defendants also argue that "[t]he plight of one inmate does not give rise to a reasonable inference that there is a systemic problem" and that "[i]solated failures of a few employees with regard to one inmate are generally not sufficient to support a Monell case." (Id. 12:17-19, 12:21-23.)

Allegations stating a Monell claim "must [plausibly] establish that 'the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [a Plaintiff] suffered.'" AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012)(quoting Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir. 2007)).

Plaintiff's FAC contains the following Monell allegations:

> 23. Based upon the principles set forth in Monell . . . , COUNTY is liable for all injuries sustained by Plaintiff as set forth herein. COUNTY bears liability because [i]ts[] policies, practices and/or customs caused Plaintiff[']s injuries. In particular, Defendant Sheriff Bonner has condoned an ongoing pattern of denial of Inmate requests for medical assistance committed by deputies

---

[2] Defendants' motion is construed as a seeking dismissal of Plaintiff's Monell claims against the County and the PCSD since Defendants argue that Placer County and the PCSD are the same entity.

4

assigned to the jails. COUNTY and its officials, including Sheriff Bonner, maintained or permitted one or more of the following official policies, customs, or practices:

    A. Failure to provide adequate training and supervision to Sheriffs['] deputies with respect to constitutional limits on [d]enial of medical treatment, detention, and provision of medical care;

    B. Failure to adequately discipline or retrain officers involved in misconduct;

    C. Selection, retention, and assignation of officers with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct;

    D. Condonation and encouragement of officers in the belief that they can violate the rights of persons such as Plaintiff with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;

    E. Failure to provide proper and adequate medical care to inmates and detainees;

    F. Condoning, tolerating, ratifying and/or encouraging it[sic] officers to treat the inmates less than humane[ly], by refusing them proper medical attention and allowing them to justify their conduct by stating that the Judge has to approve their getting the requested medical treatment.

    G. Retaining, assigning and selecting officers and deputies with known propensities for, dishonest and other misconduct and failing to take adequate steps to discipline such persons.

    H. Permitting deputies and other law enforcement personnel to make medical decision regarding an inmate's health and welfare without having adequate training in the care and treatment o[f] inmates needing medical treatment.

    I. Failure to practice and enforce proper reporting, investigation and recordation of inmates[sic] request for

5

|   |   |
|---|---|
| 1 | medical assistance; |
| 2 | J. Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint. |
| 3 | |
| 4 | 23. I[t] was and still is the policy and practice of the Defendants to not transport . . . inmates to an outside medical facility without an order from the Court. |
| 5 | |
| 6 | |
| 7 | 24. It was and still is the policy of the Defendants to only permit inmates to see medical person[e]l that w[ere] employed by the Placer County Jail while they were in [c]ustody of the Defendant. |
| 8 | |
| 9 | |
| 10 | (FAC ¶¶ 23-24.) |
| 11 | These conclusory allegations lack "plausible facts |
| 12 | supporting . . . a policy or custom," AE ex rel. Hernandez, 666 |
| 13 | F.3d at 637, and "lack[] . . . facts demonstrating that |
| 14 | [Plaintiff's alleged] constitutional deprivation was the result |
| 15 | of a custom or practice of the [County and the PCSD]." Dougherty |
| 16 | v. City of Covina, 654 F.3d 892, 900-01 (9th Cir. 2011). |
| 17 | Therefore, this portion of the dismissal motion is granted. |
| 18 | **b.   Plaintiff's § 1983 Claims Against Sheriff Bonnner** |
| 19 | **i. Official Capacity Suit Against Sheriff Bonner** |
| 20 | Sheriff Bonner seeks dismissal of Plaintiff's § 1983 |
| 21 | official capacity claims against him, arguing that "it is |
| 22 | redundant to plead a claim against both the County of Placer and |
| 23 | Sheriff Bonner in his official capacity[, g]iven that the County |
| 24 | of Placer is a named defendant in the lawsuit . . . ." (Defs.' |
| 25 | Mot. 9:1-3.) |
| 26 | "When both a municipal officer and a local government |
| 27 | entity are named, and the officer is named only in an official |
| 28 | capacity, [and the allegations are insufficient to justify an |

6

official capacity suit,] the court may dismiss the officer as a redundant defendant." Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't, 533 F.3d 780, 799 (9th Cir. 2008). Therefore, this portion of the dismissal motion is granted.

### ii Individual Capacity Suit Against Sheriff Bonner

Sheriff Bonner seeks dismissal of Plaintiff's § 1983 individual capacity claim against him, arguing: "'[P]laintiff failed to state that [Sheriff Bonner] actually knew and disregarded Plaintiff's serious medical need pursuant to [Ashcroft v.] Iqbal.'" (Defs.' Mot. 10:14-16 (quoting Gibson v. Heartly, 2012 U.S. Dist. LEXIS 178943 (E.D. Cal. Dec. 17, 2012).)

"[T]o establish individual liability under 42 U.S.C. § 1983, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Hydrick v. Hunter, 669 F.3d 937, 942 (9th Cir. 2012) (quoting Iqbal, 129 S.Ct. at 1948.) "[T]here must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983." Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff alleges:

> 23. . . . Defendant Sheriff Bonner has condoned an ongoing pattern of denial of Inmate requests for medical assistance committed by deputies assigned to the jails. COUNTY and its officials, including Sheriff Bonner, maintained or permitted one or more of the following official policies, customs, or practices . . . .

(FAC ¶ 23.) These "conclusory allegations and generalities [do not contain] any allegation of the specific wrong-doing by

7

[Sheriff Bonner]." Hydrick, 669 F.3d at 942. Therefore, this portion of the dismissal motion is granted.

### c. Conspiracy Claims

Defendants also seek dismissal of Plaintiff's conspiracy claims, arguing: "[P]laintiff's allegations of conspiracy between [D]efendants to violate [P]laintiff's rights are mere conclusions with no factual allegations to support them" and "will not support a claim for relief." (Defs.' Mot. 11:13-14, 11:20-21.)

Plaintiff alleges the following concerning conspiracy:

> 30. Defendant and each of them, acted individually and in conspiracy with each other to deprive Plaintiff of his federal constitutional and/or statutory rights and[/]or privilege[s] by failing and refusing to provide Plaintiff with access to medical care and the accommodations guaranteed him by Federal and State law.
>
> . . . .
>
> 32. Defendants, and each of them, acted individually and in conspiracy with each other to deprive Plaintiff under color of state law of his rights, as guaranteed [to] him by the United States Constitution and federal law, by committing the acts as more fully set out above.
>
> . . . .
>
> 35. Defendants, and each of them, acted in concert with each other pursuant to official policies, plans and training of their respective agencies, which is the County of Placer. . . .
>
> 36. By reason of the acts of these defendants, acting individually and in conspiracy with each other, Plaintiff has suffered . . . damages[.]

(FAC ¶¶ 30, 32, 35-36.)

8

These "conclusory allegations . . . [of] conspir[acy] do not support a claim for [a] violation of . . . constitutional rights" since they are devoid of sufficient facts to allege a viable conspiracy claim. Woodrum v. Woodward Cnty., 866 F.2d 1121, 1126 (9th Cir. 1989). Therefore, this portion of the dismissal motion is granted.[3]

### d. Plaintiff's ADA and RA Claims

Defendants seek dismissal of Plaintiff's claims alleged under the ADA and RA, contending Plaintiff "fail[ed] to allege" an essential element of each claim; specifically, Defendants argue Plaintiff failed to allege "that [he] was denied access to [a] program because [of] his disability." (Defs.' Mot. 13:4-5.)

To state a Title II ADA claim, a plaintiff must allege:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

Simmons v. Navajo Cnty., 609 F.3d 1011, 1021 (9th Cir. 2010) (emphasis added) (quoting McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original)).

"Similarly, to state a[n] [RA] claim[,] a plaintiff

---

[3] Defendants also seek dismissal of "[P]laintiff's . . . [conspiracy] claim . . . alleged . . . in . . . [Count III of the FAC]"; however, Count III does not contain conspiracy allegations. (Defs.' Mot 11:22-25; see FAC ¶¶ 39-42.) Therefore, this portion of the motion need not be reached. See Williams v. Bd. of Parole Hearings, EDCV 08-00402-CBMMLG, 2008 WL 4809213, at *1 n.1 (C.D. Cal. Nov. 3, 2008) ("Defendant misconstrues Plaintiffs' complaint to include an Eighth Amendment claim . . . and as such, the Court declines to address any of Defendant's arguments related to this claim.")

must allege '(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit [of a program]; (3) he was denied the benefits of the program <u>solely by reason of his disability</u>; and (4) the program receives federal financial assistance.'" O'Guinn v. Lovelock Correctional Ctr., 502 F.3d 1056, 1060 (9th Cir. 2007) (emphasis added) (quoting Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001)).

Both the ADA and RA "prohibit[] discrimination because of disability, not [because of] inadequate treatment for disability." Simmons, 609 F.3d at 1022; see O'Guinn v. Nevada Dep't of Corr., 468 F. App'x 651, 653 (9th Cir. 2012) ("[Plaintiff] challenges the adequacy of his . . . health care, a challenge that cannot be properly brought under the ADA and RA.")

Plaintiff alleges that he "has been denied and excluded from the benefits of Defendants['] Program, which would provide Plaintiff with access to medical care." (FAC ¶ 49.) Plaintiff further alleges that he "has been denied and excluded from . . . Defendants' Program, which would have provided Plaintiff, with counseling, therapy and perhaps a prosthesis." (Id. ¶ 55.) However, these allegations are insufficient to state viable ADA and RA claims. Simmons, 609 F.3d at 1022.

Plaintiff also alleges:

> 50. . . . Defendant violated the ADA by discriminating against Plaintiff . . . [b]y reason of Plaintiff[']s disabilities; . . . [and by] [d]enying Plaintiff the equal/same opportunity to receive the benefit(s) of ADA accommodations that are available to other qualified individuals.
>
> . . .
>
> 56. . . . Defendants violated the [RA] by

10

>     discriminating against Plaintiff . . . [b]y
>     reason of Plaintiffs disabilities, age and
>     need for medical services; [and by] . . .
>     [d]enying Plaintiff the equal/same
>     opportunity to receive the benefit(s) of
>     Defendants' programs/activities that are
>     available to other qualified individuals with
>     disabilities.

(FAC ¶¶ 50, 56.)

These conclusory allegations are insufficient to allege plausible ADA and RA claims. See James v. Hubbard, 2:08-CV-01857-RRC, 2010 WL 4901827, at *4 (E.D. Cal. Nov. 23, 2010) ("The complaint's conclusory allegation that Plaintiff was denied 'meaningful access to services . . . and discriminated against' is insufficient, absent factual support, to state a valid claim.")

Therefore, this portion of the dismissal motion is granted.

### e. California Disabled Persons Act Claim

Defendants seek dismissal of Plaintiff's claim alleged under the California Disabled Persons Act ("CDPA"), arguing this law "does not address denial of access to services . . . ; instead, it requires the elimination of physical impediments to participation in community life." (Defs.' Mot. 15:20-21.) Defendants further contend "Plaintiff has not pled a denial of access to any programs based upon physical barriers of any sort in his complaint." (Id. 16:5-7.)

The CDPA states in pertinent part: "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, . . .

11

public facilities, and other public places." Cal. Civ. Code § 54. The Act further states: "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, . . . public accommodation, . . . and other places to which the general public is invited . . . ." Cal. Civ. Code § 54.1.

"The DPA is 'intended to secure to disabled persons the same right as the general public to the full and free use of facilities open to the public.' Its focus is upon <u>physical</u> access to public places . . ." <u>Turner v. Ass'n of Am. Med. Colleges</u>, 167 Cal. App. 4th 1401, 1412 (2008) (quoting <u>Urhausen v. Longs Drug Stores California, Inc.</u>, 155 Cal. App. 4th 254, 261 (2007)).

Plaintiff alleges the following in his CDPA claim:

> The failure of Defendants [sic] Placer County Sheriff Department to provide Plaintiff with the access to the appropriate medical care and attention violates those provisions of California law including, without limitation, the following:
>
> (a) The requirement of California Civil Code Section 54 – 55.3 that the Defendants provide reasonable accommodations to the plaintiff because of his disability[.]

(FAC ¶ 44.) These allegations are insufficient to plausibly allege that Plaintiff was denied "physical access to [a] public place[]," as required to state a CDPA claim. <u>Turner</u>, 167 Cal. App. 4th at 1412; see <u>Lopez v. Cnty. of Tulare</u>, CV-F-11-1547-LJO-BAM, 2012 WL 33244, at * 10 (E.D. Cal. Jan. 6, 2012) (finding allegations that county jail failed to house prisoner in cell with suicide precaution insufficient to state a claim under the CDPA). Therefore, this portion of the dismissal motion is

12

granted.

  **f. Negligence and Negligent Infliction of Emotional Distress Claims**

    **i. Placer County and the PCSD**

Placer County and the PCSD[4] seek dismissal of Plaintiff's negligence claim and negligent infliction of emotional distress claim, arguing under section 815 of the California Government Code they cannot be held liable for these claims. Section 815 provides in pertinent part: "Except as otherwise provided by statute . . . A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't Code § 815(a). Under this statute, "California public entities are not subject to common law tort liability; all liability must be pursuant to statute." AE ex rel. Hernandez, 666 F.3d at 638. Since "Plaintiff . . . has not alleged a statutory basis for the negligence [and negligent infliction of emotional distress] claim[s]," this portion of Defendants' dismissal motion is granted. Howard v. City of Vallejo, CIV. S-13-1439 LKK, 2013 WL 6070494, at *6 (E.D. Cal. Nov. 13, 2013).

    **ii. Sheriff Bonner**

Defendant Sherriff Bonner seeks dismissal of Plaintiff's negligence and negligent infliction of emotional distress claims, arguing that "[he] cannot be liable under [section 820.8 of the Government Code] for the acts of his

---

[4] Defendants' argument is construed as an argument seeking dismissal of Plaintiff's claims against both Placer County and the PCSD since Defendants argue that Placer County and the PCSD are the same entity.

employees . . . ." since "[t]here are no allegations in the complaint suggesting that [he] was directly involved in [the] allegedly negligent denial of plaintiff's requests for medical care." (Id. 16:19-20, 16:21-23; see also Defs.' Mot. 17:8-9.)

Section 820.8 of the Government Code prescribes: "Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person. Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission." Cal. Gov't Code § 820.8.

Plaintiff's conclusory allegations concerning Sheriff Bonner's practices and policies are insufficient to support drawing a reasonable inference that Sheriff Bonner proximately caused Plaintiff's alleged injury. Fayer, 649 at 1064 ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."). Therefore, this portion of Defendant's dismissal motion is granted. See Herrera v. City of Sacramento, 2:13-CV-00456 JAM-AC, 2013 WL 3992497, at *3 (E.D. Cal. Aug. 2, 2013)(dismissing claims against supervisor where Plaintiff "fail[ed] to allege [supervisor] personally participated in the conduct giving rise to the allegations in the complaint.")

### IV. CONCLUSION

For the stated reasons, the dismissal motion is granted. Plaintiff is granted ten (10) days from the date on which this order is filed to file an amended complaint addressing the deficiencies in any dismissed claim. Plaintiff is notified that a dismissal order with prejudice could be entered under Rule

1  41(b) if Plaintiff fails to amend a dismissed claim in the
2  referenced second amended complaint.
3  Dated:  February 18, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge