UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE FETTER,<br><br>    Plaintiff,<br><br>    v.<br><br>PLACER COUNTY SHERIFF, EDWARD N. BONNER, individually and in his official capacity, COUNTY OF PLACER, CALIFORNIA FORENSICS MEDICAL GROUP (CFMG), PLACER COUNTY SHERIFF DEPARTMENT, and DOES 1 THROUGH 20,<br><br>    Defendants. | No. 2:12-cv-02235-GEB-EFB<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO STRIKE |

Defendants Placer County Sheriff Edward N. Bonner, County of Placer ("Placer County"), and Placer County Sheriff's Office ("PCSO")[1] (collectively, "Defendants") jointly move under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of Plaintiff's Second Amended Complaint ("SAC"), which comprises claims alleged under 42 U.S.C. §§ 1983, 1985(3), Title II of the Americans with Disabilities Act ("ADA"), § 504 of the Rehabilitation Act ("RA"), and California law. Defendants move in the alternative under Rule 12(e) for a more definite statement of certain of Plaintiff's claims. Plaintiff filed an opposition

---

[1] Since the PCSO argues in the dismissal motion that Plaintiff erroneously sued it as the "Placer County Sheriff Department," this Order refers to this Defendant as the PCSO.

1

addressing portions of the motions.

## I. FACTUAL ALLEGATIONS

The motions concern the following allegations in the SAC. "[P]laintiff . . . was cited for Driving while Under the Influence and was jailed for that offense." (SAC ¶ 12, ECF No. 39.) Prior to being jailed, "Plaintiff had fallen off a roof and injured both of his legs and ankles" and "was under the care of a doctor for the injuries that he had received." (Id. ¶¶ 11-12.) After his arrest, Plaintiff was "initially booked in at the medical facility because of his injuries." (Id. ¶ 32.) There, "it was documented that the Plaintiff had calcaneous (Heel) injuries to both his right and left feet." (Id.) "[A]lthough he had injuries to both feet and could barely walk and could not walk without pain [Plaintiff] was not provided a wheel chair." (Id.) "Instead of a wheel chair . . . Plaintiff was provided a chair in which he would have to use his injured feet to make it mobile and had to scoot around causing much pain to both of his injured feet." (Id.) Plaintiff was also "placed on the [jail's] upper tier for housing, forcing him to have to climb a full flight of stairs to get to his cell . . . ." (Id.) "While incarcerated Plaintiff['s] leg began to turn black as he was suffering from compartment syndrome." (Id. ¶ 15.) "Although Plaintiff made several request of the Defendant to allow him to see a doctor and even informed them [sic] that his leg was turning black, the Defendant still refused to allow the plaintiff the opportunity to see a medical doctor." (Id. ¶ 88.)

"Plaintiff was ultimately released from his incarceration . . . [.] [He] immediately went to see a doctor and

2

1  was informed that the condition of his leg was so severe . . .
2  that it would have to be amputated." (Id. ¶ 17.) After seeking a
3  second opinion confirming that diagnosis, "Plaintiff's right leg
4  was . . . amputated." (Id. ¶¶ 18-19.)

## II. LEGAL STANDARD

Decision on a Rule 12(b)(6) dismissal motion requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 (9th Cir.2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim under Rule 12(b)(6), "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir.2011) (internal quotation marks omitted). However, this tenet does not apply to "legal conclusions . . . cast in the form of factual allegations." Id. (internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (internal quotation marks omitted); see also Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.'")

## III. DISCUSSION

### a. § 1983 Claims Against Placer County, the PCSO, and Sheriff Bonner in his Official Capacity

Defendants seek dismissal of Plaintiff's official capacity § 1983 claim against Sheriff Bonner and Plaintiff's § 1983 claim against Placer County and the PCSO, arguing in essence that certain of Plaintiff's allegations fail to plausibly allege that any injury Plaintiff suffered was caused by a movant.

To state a § 1983 claim against a local government entity, a plaintiff must allege "that 'the local government [entity] had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [a plaintiff] suffered.'" AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012) (quoting Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir. 2007)). This same requirement also applies to official capacity § 1983 suits against municipal officers since such suits are "equivalent to a suit against the entity." Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't, 533 F.3d 780, 799 (9th Cir. 2008).

Plaintiff alleges in the SAC:

> I[t] was and still is the policy and practice of the Defendants to not transport . . . inmates to an outside medical facility without an order from the Court.
>
> It was and still is the policy of the Defendants to only permit inmates to see medical person[n][e]l that [are] employed by the Placer County Jail while they [are] in Custody of the Defendant.

(SAC ¶¶ 25-26.)

4

These allegations do not adequately allege that Plaintiff was denied medical care because of these policies or practices, and therefore Plaintiff has not sufficiently alleged facts showing that a referenced policy or practice "was the moving force behind the [alleged] constitutional violation [he] suffered." AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012) (quoting Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir. 2007)).

Defendants also argue that Plaintiff's allegations that Defendants failed to adequately hire, train, and supervise jail personnel do not plausibly state a § 1983 official capacity claim against Sheriff Bonner and a § 1983 claim against Placer County and the PCSO.

Alleged failure by a municipality to hire, train, and supervise personnel "may serve as the basis for § 1983 liability only where the failure . . . amounts to deliberate indifference to the rights of persons with whom [municipal employees] come into contact." Flores v. Cnty. of Los Angeles, --- F.3d ----, 12-56623, 2014 WL 3397219, at * 2 (9th Cir. July 14, 2014)(quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989); see also Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) ("a failure to supervise that is 'sufficiently inadequate' may amount to 'deliberate indifference.'"). To state a plausible claim under this standard, "[a plaintiff] must allege facts . . . show[ing] that the [municipality] 'disregarded the known or obvious consequence that a particular omission in [its] training program would cause [municipal] employees to violate citizens' constitutional rights.'" Flores, --- F.3d ----, 2014 WL 3397219,

at * 2 (emphasis added)(quoting Connick v. Thompson, --- U.S. ----, 131 S.Ct. 1350, 1360 (2011)).

Plaintiff alleges in a conclusory manner that Placer County, the PCSO, and Sheriff Bonner failed to appropriately hire, train, and supervise jail personnel, and that these failures resulted in Plaintiff's injuries. (See SAC ¶¶ 24, 27-28, 31-33, 34.) These conclusory allegations "do[] not identify what [Defendants'] training [, supervision,] and hiring practices were, how the [these] practices were deficient, or how the[y] caused Plaintiff's harm." Ramirez v. Cnty. of Alameda, C12-4852 MEJ, 2013 WL 257087, at *3 (N.D. Cal. Jan. 23, 2013) (See SAC ¶¶ 24, 27-29, 31-33, 34). Therefore, this portion of the dismissal motion is granted.

**b. Individual Capacity § 1983 Claims against Sheriff Bonner**

Sheriff Bonner also seeks dismissal of Plaintiff's § 1983 claim that sues him in his individual capacity, arguing: "One . . . cannot ascertain from the complaint what Sheriff Bonner personally did, or did not do, to cause the harm complained of by plaintiff . . . ." (Defs.' Mot. 13:14-15.)

To allege an "individual liability [claim] under . . . § 1983, 'a plaintiff must plead that [a] Government-official defendant, through the official's own individual actions, has violated the Constitution' . . . [or that] the defendant [had] "knowledge of" and "acquiescence in" the unconstitutional conduct of a subordinate. Hydrick v. Hunter, 669 F.3d 937, 942 (9th Cir. 2012) (quoting Iqbal, 129 S.Ct. at 1948 and Starr v. Baca, 652 F.3d 1202, 1206-07 (9th Cir. 2011)).

Plaintiff alleges:

6

>. . . . Defendant Sheriff Bonner has condoned an ongoing pattern of denial of Inmate requests for medical assistance committed by deputies assigned to the jails. COUNTY and its officials, including Sheriff Bonner, maintained or permitted [certain] official policies, customs, or practices . . .

(SAC ¶ 24.) These "conclusory allegations and generalities [lack] any allegation of the specific wrong-doing by [Sheriff Bonner]," and do not plausibly allege that Sheriff Bonner had "'knowledge of' and 'acquiesce[d] in' the unconstitutional conduct of his subordinates." Hydrick, 669 F.3d at 942. Therefore, this portion of the dismissal motion is granted.

### c. Conspiracy Claim

Defendants also seek dismissal of Plaintiff's civil rights conspiracy claim, arguing, "[P]laintiff's allegations of conspiracy . . . are mere conclusions with no factual allegations to support them." (Defs.' Mot. 14:24-26.)

Plaintiff alleges the following concerning conspiracy:

>Defendant and each of them, acted individually and in conspiracy with each other to deprive Plaintiff of his federal constitutional and/or statutory rights and or privileges by failing and refusing to provide Plaintiff with access to medical care and the accommodations guaranteed him by Federal and State law.
>
>Defendants were acting under the color of state law when Defendants deprived Plaintiff of his federal rights, property interests and otherwise discriminated against Plaintiff based upon Plaintiff's disability.
>
>Defendants, and each of them, acted individually and in conspiracy with each other to deprive Plaintiff under color of state law of his rights . . . .

(SAC ¶¶ 37-39.)

7

These "conclusory allegations . . . [of] conspir[acy]" are devoid of sufficient facts alleging a viable conspiracy claim. Woodrum v. Woodward Cnty., 866 F.2d 1121, 1126 (9th Cir. 1989). Therefore, this portion of the dismissal motion is granted.

### d. ADA and RA Claims

#### i. ADA and RA Claims against Sheriff Bonner

Sheriff Bonner seeks dismissal of Plaintiff's individual capacity claims alleged under Title II of the ADA and § 504 of the RA, arguing the claims are not cognizable under these statutes. These statutes do not authorize these claims to be alleged against Sheriff Bonner in his individual capacity. See Stewart v. Unknown Parties, 483 F. App'x 374 (9th Cir. 2012) ("Dismissal of [Plaintiff's] Americans with Disabilities Act ("ADA") claim was proper because defendants, as individuals, were not liable under Title II of the ADA"); Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials"); see also Emerson v. Thiel Coll., 296 F.3d 184, 189 (3d Cir. 2002)(holding that individual defendants are not liable under section 504 of the RA and noting that "other courts of appeals [have held] that individuals are not liable under Title[] . . . II of the ADA." (citing Garcia, 280 F.3d at 107 and Walker v. Snyder, 213 F.3d 344, 346 (7th Cir. 2000))). Therefore this portion of the motion is granted.

Sheriff Bonner further seeks dismissal of Plaintiff's official capacity claims against him alleged under Title II of

8

the ADA and § 504 of the RA. Specifically, he argues in a conclusory manner that these claims are duplicative of those alleged against Placer County, and therefore should be dismissed. Although "an action against [a] [county] official[] in [his] official capacit[y] is really an action against the [county], [Sheriff Bonner] cite[s] to no authority requiring dismissal." James v. Perez, 2:08-CV-01857-RRC, 2012 WL 5387676, at *4 (E.D. Cal. Nov. 1, 2012)(citations omitted). Therefore, this portion of the motion is denied.

### ii. ADA and RA Claims against Placer County, the PCSO, and Official Capacity Claims against Sheriff Bonner

Defendants seek dismissal of Plaintiff's Title II ADA and § 504 RA claims, arguing in essence that Plaintiff's allegations in these claims concern alleged medical malpractice and therefore do not constitute disability discrimination proscribed in these statutes.

Both Title II of the ADA and § 504 of the RA "prohibit[] discrimination because of disability, not [because of] inadequate treatment for disability." Simmons v. Navajo Cnty., 609 F.3d 1011, 1022 (9th Cir. 2010); see O'Guinn v. Nevada Dep't of Corr., 468 F. App'x 651, 653 (9th Cir. 2012) ("[Plaintiff] challenges the adequacy of his . . . health care, a challenge that cannot be properly brought under the ADA and RA.") Plaintiff alleges in these claims that he "has been denied and excluded from the benefits of Defendants['] Program, which would provide Plaintiff with access to medical care . . . ." (SAC ¶ 62; see also id. ¶¶ 16, 67.) These allegations of inadequate medical

9

1 treatment are insufficient to allege viable Title II ADA and §
2 504 RA claims. Simmons, 609 F.3d at 1022. Therefore this portion
3 of Defendants' motion is granted.
4   Defendants also argue in a conclusory manner that
5 Plaintiff has failed to allege two elements of Title II ADA and §
6 504 RA claims: "[1] that he was denied access to [a program],
7 [and] [2] that he was denied access to such programs because of a
8 disability." (Defs.' Mot. 20:6-8.)
9   To state a Title II ADA claim, a plaintiff must allege,
10 inter alia:

> (1) he is an individual with a disability; . . . [2] he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and [3] such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

16 Simmons, 609 F.3d at 1021 (quoting McGary v. City of Portland,
17 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original)).
18 "Similarly, to state a [§ 504 RA] claim[,] a plaintiff must
19 allege [inter alia] '(1) he is an individual with a disability;
20 (2) he is otherwise qualified to receive the benefit [of a
21 program]; (3) he was denied the benefits of the program solely by
22 reason of his disability . . . .'" O'Guinn v. Lovelock
23 Correctional Ctr., 502 F.3d 1056, 1060 (9th Cir. 2007) (quoting
24 Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001)).
25   Plaintiff alleges in the SAC that he was housed in a
26 cell located on the upper-tier of the jail, "despite the fact
27 that officers knew . . . that such housing would be detrimental
28 to the Plaintiff." (Id. ¶ 32.) Defendants have not shown that

these allegations fail to state the challenged claims. Therefore, this portion of Defendants' motion is denied.

### iii. Motion for a More Definite Statement

Defendants move in the alternative under Rule 12(e) for a more definite statement of Plaintiff's ADA and RA claims which are based on his placement in an upper-tier cell. Defendants argue that this ADA claim is vague. However, they fail to "point out [in their motion] . . . the details desired [in this claim]," which is a required showing to obtain relief under Rule 12(e). Fed. R. Civ. P. 12(e). Therefore, this portion of the motion is denied.

Defendants also seek a more definite statement of the official capacity RA claim against Sheriff Bonner and the RA claim against Placer County and the PCSO, arguing Plaintiff fails to "identify which named defendants his [RA] claim . . . addresses . . . and refers to both 'defendant's' and 'defendants' as being responsible for . . . harms alleged in this claim." (Defs.' Mot 7:27-8:2.) However, read as a whole, the allegations in these claims indicate that these claims are against Placer County, the PCSO, and Sheriff Bonner in his official capacity. (See SAC ¶¶ 68-69.) Accordingly, this portion of the motion is denied.

### e. Section 11135 of the California Government Code

Each Defendant seeks dismissal of Plaintiff's Section 11135 claim, in which Plaintiff alleges Defendants denied him equal access to the benefits of a state-funded program by denying him a wheelchair and by housing him in an upper-tier cell. Defendants argue Plaintiff has not adequately alleged that he was

11

"denied access to any specific program due to his alleged disability" or "denied any access to any part of the Placer County Jail." (Defs.' Mot. 20:14-15, 21: 9-10.)

Section 11135 states, in pertinent part:

> No person in the State of California shall, on the basis of . . . disability, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state.

Cal. Gov't Code § 11135(a).

"California Code of Regulations, title 22, section 98010 provides the definition of 'program or activity' as used in section 11135.'" Comunidad En Accion v. Los Angeles City Council, 219 Cal. App. 4th 1116, 1125 (2013) (quoting Cal. Code Regs. tit. 22, § 98010). Section 98010 prescribes: "'Program or activity' means any project, action or procedure undertaken directly by recipients of State support . . . . Such programs or activities include, but are not limited to, . . . the provision of . . . health, welfare, rehabilitation, housing, or other services; . . . ." (emphasis added).

Defendants have not shown that Plaintiff's allegations should be dismissed. Therefore, this portion of their motion is denied.[2]

Defendants also seek dismissal of Plaintiff's section 11135 claim that is based on Defendant's alleged refusal to

---

[2] Defendants move in the alternative under Rule 12(e) for a more definite statement of these section 11135 allegations. However, Defendants fail to provide sufficient argument supporting this request. Therefore, it is denied.

12

permit Plaintiff access to outside medical care. Defendants argue Plaintiff fails to allege he was denied access to this care because of his disability.

> Plaintiff alleges in the SAC:
>
>> During . . . [P]laintiff's . . . incarceration he was not allowed to see a doctor or be transported to a hospital although . . . Defendants knew about [his] injuries and [he] made numerous requests that he be allowed to see a doctor.

(SAC ¶ 14.) This allegation does not contain facts that support drawing the reasonable inference that Plaintiff was denied access to outside medical care because of his disability. See Cal. Gov't Code § 11135(a) ("No person . . . shall, <u>on the basis of . . . disability</u>, be unlawfully denied . . . ." (emphasis added)). Therefore, this portion of the motion is granted.

### f. California Disabled Persons Act Claim

Defendants seek dismissal of Plaintiff's claim alleged under the California Disabled Persons Act ("CDPA"), arguing in its Notice of Motion that "Plaintiff . . . fails to allege any kind of physical barrier that has prevented [him] from accessing facilities available to others . . . ." (Defs.' Notice of Mot. 3:12-16, ECF No. 41.) Plaintiff alleges that Defendants denied him a wheelchair and housed him in an upper-tier cell. Since Defendants have not addressed these allegations in this portion of their motion, it is denied.[3]

### g. Negligence, Negligent Infliction of Emotional Distress, and Negligent Hiring and Supervision

---

[3] Defendants move in the alternative under Rule 12(e) for a more definite statement of Plaintiff's CDPA claim, but fail to provide sufficient argument supporting this request. Therefore, it is denied.

13

### i. Individual Capacity Claims against Sheriff Bonner

Sherriff Bonner seeks dismissal of the following individual capacity claims: negligence, negligent hiring and supervision, and negligent infliction of emotional distress. Specifically, Sheriff Bonner argues section 820.8 of the Government Code shields him from being exposed to liability for these torts.

Section 820.8 of the Government Code prescribes: "Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person. Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission." Cal. Gov't Code § 820.8.

Plaintiff alleges in the SAC: "Sheriff Bonner . . . condoned an ongoing pattern of denial of Inmate requests for medical assistance committed by deputies assigned to the jails" and "maintained or permitted [certain] official policies, customs, or practices" concerning the referenced denials. (SAC ¶ 24.) These conclusory allegations are insufficient to support drawing a reasonable inference that Sheriff Bonner caused Plaintiff's alleged injury. Fayer, 649 at 1064 ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."). Therefore, this portion of Defendant's dismissal motion is granted. See Herrera v. City of Sacramento, 2:13-CV-00456 JAM-AC, 2013 WL 3992497, at *3 (E.D. Cal. Aug. 2, 2013)(dismissing state law individual capacity claims against supervisor where Plaintiff "fail[ed] to allege [supervisor] personally participated in the conduct giving rise

14

to the allegations in the complaint.")

### ii. Claims Against Placer County, the PCSO, and Sheriff Bonner in his Official Capacity

Each Defendant seeks dismissal of Plaintiff's negligence, negligent hiring and supervision, and negligent infliction of emotional distress claims that are predicated on Defendants' alleged failure to provide adequate non-emergency medical care. The essence of Defendants' dismissal argument is that under section 845.6 of the California Government Code they are statutorily immune from being exposed to liability for these claims. Plaintiff did not respond to this portion of the motion.

"Under Government Code section 845.6, both a public entity and its employees are immune from claims based on injuries to prisoners caused by a failure to provide medical care, except when an employee, acting within the scope of his employment, fails to provide medical care to a prisoner and has reason to know that need for medical care is immediate." Lawson v. Superior Court, 180 Cal. App. 4th 1372, 1384 (2010).

Plaintiff alleges in the SAC:

> During . . . [P]laintiff's . . . incarceration he was not allowed to see a doctor or be transported to a hospital although . . . Defendants knew about [his] injuries and [he] made numerous requests that he be allowed to see a doctor.
>
> . . . .
>
> On and between the dates of January 2011 and August 2012 [P]laintiff had informed the Defendants on numerous occasions that he was in pain and that he needed to and wanted to see a doctor. Each time [P]laintiff made such a request his request was denied.
>
> . . . .

15

> Although Plaintiff made several request of the Defendant[sic] to allow him to see a doctor . . . , the Defendant[sic] still refused to allow [P]laintiff the opportunity to see a medical doctor.

(SAC ¶¶ 14, 77, 88.)

These allegations do not support drawing the reasonable inference that Plaintiff was in immediate need of medical care each time he made one of the referenced requests. See Cal. Gov't Code § 845.6 ("[A] public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care."(emphasis added)). Accordingly, this portion of Defendants' motion is granted.

### IV. CONCLUSION

For the stated reasons, the dismissal motion is granted in part and denied in part. Plaintiff is granted ten (10) days from the date on which this order is filed to file an amended complaint addressing deficiencies in any dismissed claim. Further, the motion for a more definite statement is denied.

Dated: August 13, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

16