UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE FETTER,<br><br>    Plaintiff,<br><br>    v.<br><br>PLACER COUNTY SHERIFF, EDWARD N. BONNER, individually and in his Official Capacity, COUNTY OF PLACER, CALIFORNIA FORENSICS MEDICAL GROUP (CFMG), PLACER COUNTY SHERIFF DEPARTMENT, and DOES 1 through 20,<br><br>    Defendants. | No.  2:12-cv-2235-GEB-EFB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DIMISS THE THIRD AMENDED COMPLAINT** |

       Each of the following movants, the County of Placer ("Placer County"), the Placer County Sheriff's Office ("PCSO")[1] and Placer County Sheriff Bonner in his individual and official capacities (collectively "Defendants"), seek dismissal of Plaintiff's Third Amended Complaint ("TAC") under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Plaintiff alleges in the TAC

---

[1] Since the PCSO argues in the dismissal motion that Plaintiff erroneously sued it as the "Placer County Sheriff Department," this Order refers to this Defendant as the PCSO.

1

violations of the Fourteenth Amendment, Title II of the Americans with Disabilities Act ("ADA"), § 504 of the Rehabilitation Act ("RA"), and California law.

Each movant argues the dismissal motion should be granted without leave to amend because "Plaintiff has tried unsuccessfully to plead and re-plead his allegations four times" and this demonstrates that "[f]urther leave to amend would be futile." (Mem. P.& A. ISO Mot. Dismiss TAC ("Mot.") 1:6-7, ECF No. 51-1.)

**I. LEGAL STANDARD**

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation omitted).

"For purposes of a motion to dismiss, we accept all well-pleaded allegations of material fact as true and construe them in the light most favorable to the nonmoving party." Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 783 (9th Cir. 2012). However, "we do not accept legal conclusions in the complaint as true, even if cast in the form of factual allegations." Lacano Investments, LLC v. Balash, 765 F.3d 1068,

1071 (9th Cir. 2011) (internal quotation marks omitted).

## II. FACTUAL ALLEGATIONS

The factual background, based on the allegations in Plaintiff's TAC, follows. Plaintiff alleges his "right leg was amputated due to the neglect of the defendants." (TAC ¶ 10, ECF No. 49.)

Plaintiff was arrested for driving under the influence. (Id. ¶¶ 11-12.) Prior to his arrest, Plaintiff fell off a roof, injuring "both of his legs, heels and ankles." (Id. ¶ 11.) While incarcerated, he "began to have extreme pain in his leg and his leg began to turn black." (Id. ¶ 15.) "[T]he deputies were informed of the pain and observed the fact that [Plaintiff's] leg was turning [b]lack," yet "refused to allow [Plaintiff] to see a doctor or transport him to the hospital." (Id. ¶¶ 15-16.)

Plaintiff was "placed on the upper tier for housing, forcing him to . . . climb a full flight of stairs to get to his cell, [and] although the officers were aware that Plaintiff had injuries to both ankles" and "feet and could barely walk . . . [Plaintiff] was not provided a wheelchair." (Id. ¶ 41.)

When Plaintiff "was ultimately released" he "immediately went to see a doctor" who informed him "the condition of his leg was so severe since it had not been attended to for so long that it would have to be amputated." (Id. ¶¶ 13, 17.) A "second opinion" confirmed the diagnosis and Plaintiff's leg was amputated. (Id. ¶¶ 18-19.)

///
///
///

**III. DISCUSSION**

**A.    Claims Against PCSO**

PCSO argues all claims alleged against it in the FAC should be dismissed since although "California Government Code section 811.2 defines 'public entity' to include 'every kind of political or governmental entity in the state,'. . . . [c]ourts have found that definition to exclude departments of public entities," like the PCSO. (Mot. 5:18-20.) PCSO also argues Plaintiff's 42 U.S.C. § 1983 claim against it should be dismissed since PCSO is not a "person" as the term is used in the statute concerning liability for a federal claim. (Mot. 5:26-6:2.)

The Ninth Circuit has held a sheriff's department is a "public entity" under Cal. Gov. Code § 811.2. Streit v. Cnty. of Los Angeles, 236 F.3d 552, 565 (9th Cir. 2001). Further, it has held that when a sheriff's department acts to "overs[ee] and manage[] . . . [a] local jail," it is considered a "person" as the term is used in 42 U.S.C. § 1983. Id. at 561.

Therefore, PCSO's motion to dismiss the claims against it on this ground is denied.

**B.    42 U.S.C. § 1983 Claims**

**1.    Sheriff Bonner in His Individual Capacity**

Sheriff Bonner seeks dismissal of Plaintiff's individual capacity claim that is alleged against him under 42 U.S.C. § 1983, arguing it is devoid of factual allegations concerning "what [he] personally did, or did not do, to cause the harm complained of by Plaintiff." (Mot. 11:1-2.)

"A supervisor may be held liable under § 1983 [in his individual capacity] if he or she was personally involved in the

4

constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." Jackson v. City of Bremerton, 263 F.3d 646, 653 (9th Cir. 2001). Specifically, "[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Watkins v. City of Oakland, 145 F.3d 1087, 1093 (9th Cir. 1998).

Plaintiff alleges in the TAC that Sheriff Bonner "condoned the [unconstitutional] activities . . . in that he knew or should have known that his staff was inadequately trained or was deliberately ignoring the health and well being of the inmates that were in their care and custody." (TAC ¶ 35.)

The allegation that Sheriff Bonner "condoned the [officer's] activities" "tenders naked assertions devoid of further factual enhancement" and does not plausibly allege that Sheriff Bonner violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 678. Therefore, this portion of the dismissal motion is granted. Since this claim is unchanged from the claim in Plaintiff's prior complaint, which was dismissed for the same reason, the motion for dismissal without leave to amend is granted.

### 2. Conspiracy

The County, PCSO and Sheriff Bonner (in his official capacity) seek dismissal of Plaintiff's conspiracy claim against them that is alleged under § 1983, arguing the pled allegations

"are mere conclusions with no factual allegations to support them." (Mot. 11:15-17.)

Plaintiff alleges in this claim that "Defendant[s]...in conspiracy with each other [acted] to deprive Plaintiff of his federal . . . rights . . . by failing and refusing to provide Plaintiff with access to medical care" and "Defendants . . . in conspiracy with each other [acted] to deprive Plaintiff under color of state law of his rights, as guaranteed to him. . . ." (TAC ¶¶ 46, 48.)

These "conclusory allegations. . . [of] conspir[acy]" are devoid of sufficient facts alleging a viable conspiracy claim." Woodrum v. Woodward Cnty., 866 F.2d 1121, 1126 (9th Cir. 1989). Therefore, the dismissal motion is granted. Since Plaintiff has unsuccessfully pled this claim four times, the motion for dismissal without leave to amend is granted.

   **3. Unconstitutional Policies, Practices or Customs and a Failure to Adequately Hire and Train**

The County, PCSO and Sheriff Bonner (in his official capacity) seek dismissal of Plaintiff's section 1983 claim against them, in which Plaintiff alleges that each movant's unconstitutional policies, practices or customs or a failure to adequately hire and train employees caused his injuries. Defendants argue Plaintiff's vague and conclusory allegations cannot support this claim.

Plaintiff counters he adequately supports this claim in paragraphs 30 through 33 of the TAC, which state:

> 30. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

6

31. Defendants maintained policies, customs or practices in the Main Jail that were the moving force behind the violation of Plaintiff, Fetter's constitutional rights.

32. Such policies, customs or practices include, but are not limited to, f[a]iling to promulgate sufficient policies and procedures to ensure that inmates['] medical needs are taken into account when housing them.

    a. Plaintiff FETTER was housed in an upper tier cell despite the fact that officers knew. . . that such housing would be detrimental to the Plaintiff because of his medical needs.

    b. Plaintiff FETTER, was initially booked in at a medical facility because of his injuries and it is documented that the Plaintiff had calcaneous (Heel) injuries to both his right and left feet.

    c. Plaintiff was then placed on the upper tier for housing, forcing him to have to climb a full flight of stairs to get to his cell, although the officers were aware that Plaintiff had injuries to both ankles.

Failing to promulgate sufficient policies and procedures to ensure that staff provide for all inmates' medical needs.

    d. Plaintiff FETTER, although he had injuries to both feet and could barely walk and could not walk without pain was not provided a wheel chair.

    e. Instead of a wheel chair the Plaintiff was provided a chair in which he would have to use his injured feet to make it mobile and had to scoot around causing much pain to both of his injured feet.

    f. Plaintiff FETTER is informed and believes and on that basis alleges that the Defendants policies and procedures are inadequate to ensure that inmates will have access to the necessary medical devices.

    f. Plaintiff FETTER is informed and believes and on that basis alleges that the Defendants had a practice of denying inmates the necessary medical devices as a way of punishing the inmates.

7

>       33. These Defendants knew or should have known that the policies, customs or practices in the Main Jail would cause grievous injury to Plaintiff, FETTER in violation of his constitutional rights.

(Opp'n 6:3-7:12.)

The challenged claim is a municipal liability claim. "A section 1983 plaintiff may establish municipal liability . . . [by] prov[ing] that a [municipal] employee committed [an] alleged constitutional violation pursuant to a formal government policy or a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992.) The municipality's policy, practice or custom must be the "moving force" behind the constitutional violation. City of Oklahoma v. Tuttle, 471 U.S. 808, 819 (1985). However, "[i]t is insufficient for a plaintiff to allege generally that supervisors knew about the constitutional violation or that they generally created policies and procedures that led to the violation, without alleging 'a specific policy' or 'a specific event' instigated by the supervisors that led to the constitutional violation." Peyton v. Grounds, No. 13-4232-VC(PR), 2014 WL 1866516 at *1 (N.D. Cal. May 8, 2014) (quoting Hydrick v. Hunder, 559 F.3d 937, 942 (9th Cir. 2012) (dismissing the Complaint since "there [was] no allegation of a specific policy or custom, nor . . . specific allegations regarding each Defendant's purported knowledge of the [section 1983 violation]") (emphasis omitted).

Nowhere in Plaintiff's TAC does he allege "a specific policy or a specific event instigated by the [Defendants] that led to [his alleged] constitutional violation." Peyton, 2014 WL

8

1866516 at *1. Therefore, each movant's dismissal motion is granted. Further, since Plaintiff has unsuccessfully pled this claim in three prior complaints, the motion to dismiss without leave to amend is granted.

### C. ADA and RA

Defendants also seek dismissal of Plaintiff's ADA and RA claims, arguing that Plaintiff has not alleged "discrimination because of [a] disability", which is an element of each claim. (Mot. 12:10-14.)

To plead a Title II ADA claim, a plaintiff must allege he "was . . . discriminated against by the public entity. . . <u>by reason of [his] disability</u>." Simmons v. Navajo Cnty., 609 F.3d 1011, 1021 (9th Cir. 2010) (quotation omitted) (emphasis added). To plead a § 504 RA claim, a plaintiff must allege he was "qualified to receive the benefit [of a program] . . . [but] was denied the benefits of the program <u>solely by reason of his disability</u>." O'Guinn v. Lovelock Correctional Ctr., 502 F.3d 1056, 1060 (9th Cir. 2001) (quotation omitted) (emphasis added).

Plaintiff alleges in his ADA and RA claims that he was denied access to outside medical care, excluded from participating in counseling and therapy programs and assigned to an upper tier cell. (TAC ¶¶ 68, 76, 102.) However, Plaintiff does not allege he was denied access to these programs <u>because of</u> a disability.

Therefore, Plaintiff's ADA and RA claims are dismissed. Since these claims are unchanged from the claims in Plaintiff's prior complaint, which were dismissed for the same reason, the motion for dismissal without leave to amend is granted.

**D.   California Government Code §§ 11135-11139**

Defendants also seek dismissal of Plaintiff's claim alleged under California Government Code § 11135, arguing Plaintiff fails to state a viable claim since he has not alleged he was "denied access to any specific program due to his disability." (Mot. 14:18-20.) Section 11135 states, in pertinent part: "No person in the State of California shall, on the basis of . . . disability, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity. . . ."

A "program or activity" as the phrase is used in § 11135 means "any project, action or procedure. . . [;including] the provision of. . .  health, welfare, rehabilitation, housing, or other services. . . ." 22 CCR § 98010.

Defendants assert "[w]hile Plaintiff alleges that the denial of a wheel chair and being placed on the second tier caused injury to his leg, he does not allege that these . . . acts denied him access to any programs at the Placer County Jail." (Mot. 15:15-17.)

Plaintiff alleges in the TAC that Defendants violated Cal. Gov. Code § 11135 "by failing to accommodate Plaintiff FETTER'S need for a wheel chair and by placing him on an upper tier." (TAC ¶ 55.)

Defendants have not shown that this claim should be dismissed. Therefore, this portion of the motion is denied.

**E.   California Disabled Persons Act**

Defendants seek dismissal of Plaintiff's claim alleged under the California Disabled Persons Act ("CDPA"), arguing it

1  alleges a denial of access to a service, which the CDPA "does not
2  address." (Mot. 16:13-14.) Plaintiff alleges that Defendants'
3  failed provide him "access to the appropriate medical care and
4  attention" necessary to treat his condition. (TAC ¶ 60.) This
5  allegation essentially alleges the denial of a service.

6       The CDPA prescribes in part that: "[i]ndividuals with
7  disabilities or medical conditions have the same right as the
8  general public to the full and free use of . . . public
9  buildings, medical facilities. . . public facilities, and other
10 public places." Cal. Civ. Code § 54. "The CDPA is concerned
11 solely with physical access to public spaces. Thus, Plaintiff
12 cannot maintain a claim based on the denial of services."
13 Wilkins-Jones v. Cnty. of Alameda, 859 F. Supp. 2d 1039, 1054
14 (N.D. Cal. 2012).

15      Therefore, Defendants dismissal motion is granted with
16 leave to amend.

17     **F.   California Government Code § 845.6**

18      Placer County and Sheriff Bonner (in his official
19 capacity) seek dismissal of Plaintiff's claim alleging that their
20 conduct violates California Government Code § 845.6, arguing this
21 statute requires an inmate to be in need of immediate medical
22 care and "Plaintiff...has not claimed any exigent circumstances"
23 showing he was in need of immediate medical care. (Mot. 15:26-
24 27.)

25      Plaintiff argues the allegation "that [his] leg had
26 turned [b]lack" demonstrates he was in need of immediate medical
27 care. (Opp'n 12:1-5.)

28      California Government Code § 845.6 prescribes:

11

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody. . . [unless the] public employee and the public entity where the employee is acting . . . knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

Plaintiff alleges he is a "white/Caucasian male" whose leg "began to turn black." (TAC ¶ 15.) The movants have not shown this allegation is insufficient to allege that Plaintiff was in need of immediate medical care. Therefore, this portion of the motion is denied.

**G. Negligence, Negligent Hiring and Supervision, and Negligent Infliction of Emotional Distress**

**1. Sheriff Bonner in His Individual and Official Capacities**

Sheriff Bonner seeks dismissal of Plaintiff's negligence, negligent hiring and supervision, and negligent infliction of emotional distress claims alleged against him in his individual and official capacities, arguing each is based on the alleged conduct of his subordinates for which he "cannot be liable under Gov. Code § 820.8(a)(2)." (Mot. 16:3-4.)

Cal. Gov. Code § 820.8 states in part: "Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person."

Concerning Plaintiff's negligence and negligent infliction of emotional distress claims, Plaintiff does not allege that Sheriff Bonner was personally involved with his injuries alleged in these claims. Therefore, these claims are

12

dismissed. However, Plaintiff does allege in his negligent supervision, training, hiring and retention claim alleges that Sheriff Bonner is "direct[ly] liability for [his own] negligence." Delfino v. Agilent Technologies, Inc., 145 Cal. App. 4th 790, 815 (2006).

Specifically, Plaintiff alleges Sheriff Bonner had "a duty to hire, supervise, train and retain employee[s]. . . so that these employees. . . refrain[ed] from the conduct alleged," that Sheriff Bonner "breached this duty causing the conduct alleged," and that this "breach proximately caused the [alleged] damages and injur[y] to Plaintiff . . . ." (TAC ¶¶ 91-93.)

However, these conclusory allegations do not support drawing a reasonable inference that Sheriff Bonner is liable for this claim, and it is therefore dismissed. Fayer, 649 F.3d at 1064 ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.").

Since these claims are unchanged from the claims in Plaintiff's prior complaint, which were dismissed for the same reason, the motion for dismissal without leave to amend is granted.

### 2. Placer County and PCSO

Placer County and PCSO seek dismissal of Plaintiff's negligence and negligent infliction of emotional distress claims alleged against them; and Placer County also seeks dismissal of Plaintiff's negligent hiring, training and retention claim alleged against it. These movants argue California "Government Code section 844.6(a)(2) immunizes . . . [them from claims alleging] injur[y] to [a] prisoner[]." (Mot. 17:4-6.)

Cal. Gov. Code § 844.6(a)(2) prescribes in part: "[p]ublic entities" are "not liable for an injury to any prisoner." Counties and local law enforcement agencies are considered "public entities." Cal. Gov. Code § 811.2 (holding counties to be public entities); Streit, 236 F.3d at 565 (finding a county sheriff's department was a public entity); Shaw v. State of California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 605 (9th Cir. 1986) ("[W]e conclude that the courts of California would hold that the Police Department is a public entity under section 811.2.").

Therefore, Placer County and PCSO are immune from suit for Plaintiff's negligence-based claims and the claims are dismissed. Since these claims are unchanged from the claims in Plaintiff's prior complaint, which were dismissed for the same reason, the motion for dismissal without leave to amend is granted.

### IV. CONCLUSION

For the reasons stated above, the dismissal motion is GRANTED IN PART and DENIED IN PART. Plaintiff is granted ten days (10) from the date on which this order is filed to amend any claim dismissed with leave to amend.

Dated: January 12, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

14