UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE FETTER, | No. 2:12-cv-2235-MCE-EFB |
| Plaintiff, | |
| v. | ORDER |
| PLACER COUNTY SHERIFF, EDWARD N. BONNER, individually and in his Official Capacity, COUNTY OF PLACER, CALIFORNIA FORENSICS MEDICAL GROUP (CFMG), PLACER COUNTY SHERIFF DEPARTMENT, and DOES 1 through 20, | |
| Defendants. | |

      This matter was before the court on January 20, 2016, for hearing on defendants Edward Bonner, the Placer County Sheriff's Office, and County of Placer's ("County defendants") motion to compel plaintiff's responses to interrogatories and the court's January 7, 2016 order to show cause why plaintiff should not be sanctioned for failure to file an opposition to the County defendants' motion. ECF Nos. 64, 67. Attorney Tamiya Davis appeared on behalf of the County defendants. Notwithstanding the court's order to show cause, no appearance was made on behalf of the plaintiff.

      For the reasons stated on the record, the County defendants' motion to compel (ECF No. 64) is granted. Plaintiff shall provide responses to the County defendants' Interrogatories, Set

1

1  One within fourteen days of the date of this order.  Failure to comply with this order may result in
2  the dismissal of this action.

3  Further, the court finds that the wholesale failure to timely respond to the defendants'
4  interrogatories was not substantially justified.  Further, in addition to ignoring the discovery
5  request, plaintiff's counsel, Allen Hassan, failed to timely file either an opposition or statement of
6  non-opposition to the motion to compel in violation of Local Rule 230.  Mr. Hassan has also
7  ignored entirely the court's January 7, 2016 order to show cause why sanctions should not be
8  imposed for that violation.[1]

9  In light of counsel's conduct in this case, Allen Hassan, and not his client,[2] is ordered to
10  pay the County defendants $671.50 for the reasonable expenses they incurred in bringing the
11  instant motion.  *See* Fed. R. Civ. P. 37(a)(5)(A) (if a motion to compel is granted, the court must
12  require the party whose conduct necessitated the motion to pay the movant's reasonable expenses
13  incurred in making the motion); ECF No. 73 (declaration of Clayton Cook establishing that the
14  reasonable expenses for litigating the motion totaled $671.50).  Mr. Hassan is ordered to make
15  this payment within 21 days of the date of this order.  This sanction is personal to Mr. Hassan and
16  is not to be passed on to his client in the form of attorney fees or costs.  Mr. Hassan shall inform
17  the plaintiff in writing of this order and provide a copy to the plaintiff.  Mr. Hassan shall file a
18  declaration within 21 days of the date of this order that has client has been so informed.

19  So Ordered.
20  DATED: January 28, 2016.
21  _____
    EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

---

[1] A previous Order to Show Cause directed at plaintiff's counsel has also had little effect. *See* ECF No. 31 (OSC re violation of order to submit a joint status report) and ECF No. 33 at 1 & 2 (Joint Status Report by all defendants indicating that several attempts were made by defense counsel to obtain plaintiff's counsel participation in the report but no response was received).

[2] *See In re Baker*, 744 F.2d 1438, 1442 (10th Cir. 1984) ("If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged.").