UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE FETTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PLACER COUNTY SHERIFF,<br>EDWARD N. BONNER; et al.,<br><br>　　　　Defendants. | No.  2:12-cv-02235-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Plaintiff George Fetter initiated this lawsuit alleging that while he was an inmate at the Placer County Jail he received inadequate medical treatment which led to his leg needing to be amputated.  Plaintiff's Third Amended Complaint ("TAC"), ECF No. 49, contains various claims against Defendants County of Placer; Placer County Sheriff's Office ; Placer County Sherriff Edward Bonner (collectively, "Placer County Defendants"); and the jail medical provider, California Forensics Medical Group ("CFMG").  Presently before the Court are the Placer County Defendants' Motion for Summary Judgment ("MSJ"), ECF No. 92, and CFMG's Motion for Partial Summary Judgment ("MPSJ"), ECF No. 93.  For the following reasons, the Placer County Defendants' MSJ is GRANTED, and CFMG's MPSJ is GRANTED in PART and DENIED in part.[1]

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  See E.D. Cal. Local R. 230(g).

## BACKGROUND

Plaintiff injured his leg by falling off a roof in May 2010. Statement of Undisputed Facts ("SUF"), ECF No. 96-1, ¶¶ 2–3. On multiple subsequent occasions between 2010 and 2012, Plaintiff was arrested and housed at the Placer County Jail. Id. ¶ 1. In July of 2011, four days after he had been released on one of those occasions, Plaintiff's right leg was amputated. Id. ¶ 9. Plaintiff alleges, among other things, that while at the jail he alerted jail staff to the fact his "leg was turning [b]lack," but Defendants "refused to allow [him] to see a doctor or transport him to the hospital." TAC ¶¶ 15–16. Plaintiff brings eleven claims against Defendants alleging that Defendants are responsible for the loss of his leg because they provided inadequate medical care at the jail.

Not all of Plaintiff's claims survived the pleading stage. One remaining claim is levied against all Defendants: violation of California Government Code §§ 11135–39. Additionally, a claim remains under California Government Code § 845.6 against the Placer County Defendants. Finally, six claims remain against CFMG: (1) conspiracy to deprive Plaintiff of his constitutional rights in violation of 42 U.S.C. § 1983; (2) violation of California Civil Code §§ 54–55.2; (3) discrimination based on disability in violation of the Americans with Disabilities Act ("ADA"); (4) violation of the Rehabilitation Act; (5) negligence; and (6) negligent infliction of emotional distress. The Placer County Defendants now move for summary judgment on the two claims remaining against them. Defendant CFMG moves for partial summary judgment on all claims remaining against it, other than the claims for negligence and negligent infliction of emotional distress.

## STANDARD

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v.

2

Catrett, 477 U.S. 317, 322 (1986).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment.  See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378–79 (C.D. Cal. 1995).  The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment.  See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact."  Celotex, 477 U.S. at 323.  "However, if the nonmoving party bears the burden of proof on an issue at trial, the moving party need not produce affirmative evidence of an absence of fact to satisfy its burden."  In re Brazier Forest Prods. Inc., 921 F.2d 221, 223 (9th Cir. 1990).  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288–89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  The


1 opposing party must demonstrate that the fact in contention is material, i.e., a fact that
2 might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby,
3 Inc., 477 U.S. 242, 248, 251–52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and
4 Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also
5 demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is
6 such that a reasonable jury could return a verdict for the nonmoving party." Anderson,
7 477 U.S. at 248. In other words, the judge needs to answer the preliminary question
8 before the evidence is left to the jury of "not whether there is literally no evidence, but
9 whether there is any upon which a jury could properly proceed to find a verdict for the
10 party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251
11 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)). As the Supreme Court
12 explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its
13 opponent must do more than simply show that there is some metaphysical doubt as to
14 the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as
15 a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
16 'genuine issue for trial.'" Id. at 587.

17 In resolving a summary judgment motion, the evidence of the opposing party is to
18 be believed, and all reasonable inferences that may be drawn from the facts placed
19 before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at
20 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's
21 obligation to produce a factual predicate from which the inference may be drawn.
22 Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd,
23 810 F.2d 898 (9th Cir. 1987).
24 ///
25 ///
26 ///
27 ///
28 ///

# ANALYSIS

### A.   All Defendants—California Government Code §§ 11135–39

Under California Government Code § 11135, state agencies and state-funded programs cannot subject anyone to discrimination on the basis of, among other things, physical disability or medical condition.  Section 11139 sets out the remedy for any violations of § 11135: "a civil action for equitable relief."  Plaintiff seeks only damages, and so his claim fails.  See Newman v. San Joaquin Delta Cmty. Coll. Dist., 814 F. Supp. 2d 967, 982 (E.D. Cal. 2011) ("Remedies for violations of California Government Code section 11135 . . . are limited to "a civil action for equitable relief." (quoting Cal. Gov't Code § 11139)).

Plaintiff disagrees, of course, and contends that this reading of the statute is incorrect since the remedy described in § 11139 is "in addition to any other . . . sanctions imposed by law."  Pl.'s Opp'n to Summ. J., ECF No. 96, at 8  (quoting Cal. Gov't Code § 11139).  The cited language only indicates, however, that the remedy provided in § 11139 does not displace remedies provided by other sources of law.  Cf. Reida v. Lund, 18 Cal. App. 3d 698, 705 (1971) (construing a similarly worded statute). Accordingly, Defendants have demonstrated that they are "entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a), and summary judgment is therefore GRANTED in their favor on Plaintiff's § 11135 claim.

### B.   Placer County Defendants—California Government Code § 845.6

Under California Government Code § 845.6, "a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care."

///

///

///

This duty is only one of summoning medical care, and subsequent failures to provide adequate medical care "are issues of medical malpractice." Castaneda v. Dep't of Corr. & Rehab., 212 Cal. App. 4th 1051, 1072 (2013). The Placer County Defendants provide evidence that this duty was fully complied with:

> Q. Where there ever any times that you made requests where your leg was painful, swelling, hurtful, and the stuff you described before, where you weren't seen by some member of the medical staff?
>
> A. Not that I recall. Anytime I made a gesture like that, they could have me come down.

Dep. of George Fetter, ECF No. 92-3, Ex. B, at 147:10–13.

Plaintiff does not offer any evidence to the contrary, and instead argues only generally "that Defendant[s] have not shown that Plaintiff was provided any care as a result of the numerous time[s] that they had to take him to the [m]edical floor." Plaintiff has thus failed to demonstrate a genuine issue of material fact, and the Placer County Defendants' Motion for Summary Judgment is GRANTED as to Plaintiff's § 845.6 claim.

**C.    CFMG**

   **1.    California Civil Code §§ 54–55.2, the ADA, and the Rehabilitation Act**

CFMG's MPSJ challenges the legal sufficiency of Plaintiff's claims made under California Civil Code §§ 54–55.2, the ADA, and the Rehabilitation Act. See CFMG's MPSJ, at 5–6. Plaintiff does not address CFMG's arguments regarding these claims in his opposition. A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. Cristobal v. Siegel, 26 F.3d 1488, 1494–95 n.4 (9th Cir.1994). The Court may, however, grant an unopposed motion for summary judgment if the movant's papers themselves are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. See United States v. Real Prop. at Incline Vill., 47 F.3d 1511, 1520 (9th Cir.1995) (citing Marshall v. Gates, 44 F.3d 722 (9th Cir.1995); Henry v. Gill Indus., Inc., 983 F.2d 943, 949 (9th Cir. 1993)), rev'd on other grounds, 517 U.S. 820 (1996).

CFMG seeks summary judgment on the §§ 54–55.2 claim, contending that only injunctive relief is available under those sections. CFMG's MPSJ, at 5. CFMG is incorrect. Section 54.3 states:

> Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury . . . .

Cal. Civ. Code § 54.3. Accordingly, although the Motion is unopposed, CFMG's moving papers are not "sufficient to support the motion." Incline Vill., 47 F.3d at 1520. Thus, CFMG's Motion is DENIED as to the claims made under California Civil Code §§ 54–55.2.

CFMG also challenges the legal sufficiency of Plaintiff's claims under the ADA and the Rehabilitation Act. It claims that those acts only "prohibit[] discrimination" and do not prohibit "inadequate treatment." CFMG's MPSJ, at 5–6 (citing Simmons v. Navajo County, 609 F.3d 1011, 1022 (9th Cir. 2010)). As was previously explained when the Court granted the Placer County Defendants' Motion to Dismiss on these same claims, "Plaintiff does not allege that he was denied access to [Defendants'] programs because of a disability." Mem. & Order, ECF No. 81, at 9 (emphasis removed). Moreover, Plaintiff's opposition is silent on this point and thus does not identify the existence of any factual dispute to support a contrary conclusion. Accordingly, CFMG has demonstrated that it is "entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a), and its Motion is GRANTED in on Plaintiff's ADA and Rehabilitation Act claims.

**2.     42 U.S.C. § 1983**

Under 42 U.S.C. § 1983, a plaintiff can seek redress for deprivations of his constitutional rights by persons acting under color of state law. See Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1149 (9th Cir. 2011). Plaintiff here alleges that CFMG violated his constitutional rights under the Fourteenth Amendment through "deliberate indifference to Plaintiff['s] . . . serious medical needs, health[,] and safety."

1  TAC ¶ 103.  Claims under § 1983 can be made against a private entity if (1) that entity
2  "acted under color of state law" and (2) the alleged constitutional violation "was caused
3  by an official policy or custom" of that entity.  Tsao v. Desert Palace, Inc., 698 F.3d 1128,
4  1139 (9th Cir. 2012).  CFMG, a private entity, focuses on the second prong of this
5  analysis.  It contends that summary judgment should be granted in its favor on Plaintiff's
6  § 1983 claim because Plaintiff has failed to provide evidence of any policy that led to the
7  alleged constitutional deprivation.  CFMG's MPSJ, at 6–7.
8      In response, Plaintiff argues that "[t]he custom or policy complained of by the
9  Plaintiff is that the Defendants did not provide adequate medical care or allow him
10 access to adequate medical care."  Pl.'s Opp'n to MPSJ, ECF No. 97, at 10.  The alleged
11 "custom or policy" Plaintiff identifies is virtually identical to the alleged constitutional
12 violation.  This is insufficient to make out a claim against a private entity under § 1983.
13 Merging the two prongs of the analysis as Plaintiff urges would render the test
14 articulated in Desert Palace a nullity.  Because Plaintiff has failed to provide any facts
15 supporting his claim that CFMG's policies or custom led to deliberate indifference to his
16 medical needs, CFMG's Motion is GRANTED with respect to the § 1983 claims made
17 against it.
18
19                                    **CONCULSION**
20
21     For the reasons provided, the Placer County Defendants' Motion for Summary
22 Judgment, ECF No. 92, is GRANTED.  Furthermore, CFMG's Motion for Partial
23 Summary Judgment, ECF No. 93, is GRANTED IN PART and DENIED IN PART.
24 CFMG's Motion is GRANTED as to Plaintiff's claims made under California Government
25 ///
26 ///
27 ///
28 ///

Code §§ 11135–39, the ADA, the Rehabilitation Act, and 42 U.S.C. § 1983, and DENIED as to Plaintiff's claim premised on California Civil Code §§ 54–55.2.

IT IS SO ORDERED.

Dated: March 3, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE