UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE FETTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PLACER COUNTY SHERIFF, EDWARD N. BONNER; et al.,<br><br>　　　　Defendants. | No. 2:12-cv-02235-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Plaintiff George Fetter initiated this lawsuit alleging that while he was an inmate at the Placer County Jail, he received inadequate medical treatment, which led to his leg needing to be amputated. Plaintiff's Third Amended Complaint, ECF No. 49, contains various federal and state claims against Defendants County of Placer; Placer County Sheriff's Office; Placer County Sherriff Edward Bonner; and the jail medical provider, California Forensics Medical Group ("CFMG"). Defendants moved for summary judgment on all claims against them, ECF Nos. 92–93, resulting in the dismissal of all but one of Plaintiff's claims, ECF No. 107. That remaining claim is against CFMG under California Civil Code §§ 54–55.2.

On June 6, 2017, Plaintiff filed a Notice of Request for Settlement Conference, requesting a second settlement conference to resolve the remaining claim. ECF No. 110. On June 29, 2017, the Court ordered CFMG to reply to Plaintiff's request, ECF No. 111, which it did on July 4, 2017, ECF No. 112. In that reply, CFMG stated that

1 | "a . . . second settlement conference on the remaining . . . issues in this case would not
2 | be productive." Id. at 2.  Further, CFMG requested that the Court exercise its discretion
3 | to decline supplemental jurisdiction over the remaining state law claim.  Id.
4 |     Pursuant to 28 U.S.C. § 1367(c)(3), if a federal district court has dismissed all
5 | claims over which it has original jurisdiction, it may, in its discretion, dismiss without
6 | prejudice supplemental state law claims brought in the same action.  28 U.S.C.
7 | § 1367(c)(3); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997)
8 | (en banc).  Several factors are considered in determining whether the Court should
9 | continue to exercise its jurisdiction over state law claims.  These factors include
10 | economy, convenience, fairness, and comity in deciding whether to retain jurisdiction
11 | over pendent state claims.  Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309
12 | (9th Cir. 1992) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 353 (1988)).
13 | Although the Court is not required to dismiss the supplemental state law claims, "in the
14 | usual case in which all federal-law claims are eliminated before trial, the balance of
15 | factors . . . will point toward declining to exercise jurisdiction over the remaining state-law
16 | claims." Carnegie-Mellon Univ., 484 U.S. at 350 n.7; see also Schneider v. TRW, Inc.,
17 | 938 F.2d 986, 993–94 (9th Cir. 1991).
18 |     Here, the Carnegie-Mellon factors weigh in favor of dismissal.  Only a state law
19 | claim remains, and the case has yet to proceed to trial.  Judicial economy does not favor
20 | continuing to exercise supplemental jurisdiction.  Nor do the comity and fairness factors
21 | weigh in favor of exercising supplemental jurisdiction since "[n]eedless decisions of state
22 | law should be avoided both as a matter of comity and to promote justice between the
23 | parties, by procuring for them a surer-footed reading of applicable law." United Mine
24 | Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).  Plaintiff's state law claim is
25 | therefore DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1367(c).  Plaintiff may
26 | refile his claim under California Civil Code §§ 54–55.2 in the appropriate state forum.  As
27 | ///
28 | ///

no claims remain pending before this Court, the Clerk of the Court is directed to close this case.

    IT IS SO ORDERED.

Dated: July 20, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE